In the Matter of **THRIFT SHOE CO., INC., Debtor.**

The **NATIONAL CASH REGISTER CO., Appellant,**

v.

**Curtis B. DANNING, Receiver, and Thrift Shoe Co., Inc., Appellees.**

No. 72–1875.

United States Court of Appeals,
Ninth Circuit.

Sept. 13, 1974.

N. Stanley Leland (argued) of Leland, Hoffman & Kalik, Beverly Hills, Cal., for appellant.

Richard F. Broude (argued) of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellees.

Before DUNIWAY and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

## OPINION

SKOPIL, District Judge:

Appellant, The National Cash Register Co. (NCR), claims a security interest in cash registers sold to the debtor, Thrift Shoe Co., Inc. (Thrift), under a sales contract and security agreement.

Before the entire purchase price of the cash registers had been paid, Thrift filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. Upon application of the receiver, Curtis B. Danning, the referee found that NCR's financing statement failed to comply with California law. He declared that NCR had an unperfected security interest and that its lien was subordinate to that of the receiver. The United States District Court for the Central District of California confirmed the referee's order. NCR appeals.

To perfect a security interest of the type involved, § 9401(1)(c) of the California Commercial Code requires that a financing statement be filed with the Secretary of State. The content of the statement is specified by § 9402(1), which states in relevant part as follows:

"A financing statement is sufficient if it is signed by the debtor and by the secured party, gives the name and mailing address of the secured party, the name and mailing address of the debtor and contains a statement indicating the types of collateral or describing the items of collateral. The financing statement shall also set forth: . . . if the debtor is doing business under a trade name or style, such trade name or style. . . . A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties."

* Honorable Otto R. Skopil, Jr., District of Oregon, sitting by designation.

The added requirement that the trade name be included in the financing statement modifies the Uniform Commercial Code and is unique to California. In In re Thomas, 466 F.2d 51 (9th Cir. 1972), we expressly declined to rule on the question of whether a financing statement in California must comply with this provision in order to be valid.

In the financing statements involved here, the correct name of the debtor, "Thrift Shoe Co., Inc.", was given. However, the debtor's correct trade name, "Hudson Discount Family Stores", was not given. One financing statement incorrectly listed the trade name as "Thrift Shoe, Inc.", and the other incorrectly stated the trade name as "Thrift Shoe, Inc. doing buisness as Hudson Shoes". The district judge found that NCR had actual and constructive knowledge of the debtor's trade name or style at the time the cash registers were sold.

NCR argues that its security interest is nevertheless valid because (1) inclusion of the debtor's trade name in the financing statement is not mandatory, (2) inclusion of the debtor's true name was enough to put a prudent prospective creditor on notice of NCR's security interest, and (3) there is no evidence that any creditor was misled by failure to include the proper trade name. NCR also contends that even if its financing statement is insufficient, the receiver cannot challenge NCR's security interest because there would be no benefit to general creditors. We reject NCR's arguments.

■ The California statute requires that both the real name and the trade name of the debtor be given if a filed financing statement is to perfect a security interest. The legislative intent in requiring the disclosure of the trade name of the debtor is obvious. Trade names are used extensively, and many businesses operate under several trade names. A potential creditor may know a debtor only by a trade name. The method of filing required by the statute would give notice whether the search be made under either the real name or the trade name of the debtor. The official form of the financing statement in California contains a special line for the trade name or style. Also, the financing statement is indexed under the trade name of the debtor as well as the true name. In view of the importance of the notice function of financing statements, it is inconceivable that the legislature intended that inclusion of the trade name be optional. General Electric Credit Corp. v. Aurora Mobil Homes, 37 Cal.App.3d 1016, 112 Cal.Rptr. 735 (1974); Borg-Warner Acceptance Corp. v. Bank of Marin, 36 Cal.App.3d 286, 111 Cal.Rptr. 361 (1973).

The word "shall" has traditionally been interpreted as a mandatory direction in a statute. United States v. Machado, 306 F.Supp. 995, 997 (N.D.Cal. 1969). In § 9402(1) of the California Commercial Code "shall" was intended to be mandatory. Contrary to NCR's suggestion, there is no inherent conflict in the statute if "shall", as used in the second sentence of § 9402(1), is given a mandatory construction. Both the first and second sentences can harmoniously be construed as mandatory.

■ NCR's financing statements do not substantially comply with the requirements of § 9402(1). They frustrate the very purpose of the statutory scheme because they fail to give the minimum information considered necessary by the California legislature to put a searcher on inquiry. A creditor searching under the name "Hudson Discount Family Stores"—the name which the debtor used in its business—would not discover the asserted security interest of NCR.

The fact that there is no evidence that any creditor was actually misled is not determinative. The controlling fact is that an ideal hypothetical creditor would not have discovered NCR's lien by examining the notice index under the debtor's trade name. In re Thomas, *supra.*

Affirmed.