### Paul LAXALT, Plaintiff,

v.

C.K. McCLATCHY, Publisher; McClatchy Newspapers, a corporation, the Sacramento Bee, a newspaper; Frank McCulloch; Michael Kidder; Denny Walsh; Art Nauman; Fresno Bee, a newspaper; George Gruner; Don Slinkard; Modesto Bee, a newspaper; Sanders LaMont; Ray Nish; Doe Corporations I through XX; Doe Partnerships I through XX; Doe Associations I through XX; Does I through XX, Defendants.

C.K. McCLATCHY; McClatchy Newspapers, a California corporation; Frank McCulloch; Denny Walsh; and Art Nauman, Counterclaimants,

v.

### Paul LAXALT, Counterdefendant.

### CV–R–84–407–ECR.

United States District Court,
D. Nevada.

Jan. 22, 1985.

---

Richard L. Davenport, Reno, and Seymour Shainswit, New York City, for plaintiff.

Ray Larroca, James L. Brosnahan, Linda E. Shostak, c/o Ray Larroca, San Francisco, Cal., for McClatchy & McClatchy Newspapers, Sacramento Bee, McCulloch, Kidder, Nauman, Fresno Bee, Gruner, Slindard, Modesto Bee, Lamont & Nish.

Thomas E. Kotoske, Palo Alto, Cal., for Dennis Walsh.

Brent T. Adams, Associate counsel, Reno, Nev., for all defendants.

## OPINION

EDWARD C. REED, Jr., District Judge.

The defendants have filed objections to the Order entered by U.S. Magistrate Phyllis Halsey Atkins on November 16, 1984, wherein she denied their motion that she disqualify herself. They ask that this District Court review the matter and disqualify the Magistrate pursuant to 28 U.S.C. § 455(a).

The facts are not in dispute. Magistrate Atkins candidly attached her statement of the facts to her Order, and the parties do not debate its accuracy or completeness. In July 1984, the Magistrate learned that an additional U.S. district judgeship had been authorized by Congress for the District of Nevada. She wrote a letter to the plaintiff/counterdefendant herein, Paul Laxalt, setting forth some of her qualifications and expressing her interest in the position. Mr. Laxalt was and is the senior U.S. Senator from Nevada. In that capacity he recommends to the President of the United States his choice to fill any federal judgeship vacancy in the State. Senator Laxalt has not delegated that prerogative to a selection committee but, rather, has retained it for himself.

Magistrate Atkins provided a copy of her letter to Senator Laxalt's administrative assistant in Reno. Further, she requested the support of U.S. Congresswoman Bar-

bara Vucanovich, who formerly had been an assistant to the Senator.

Late in July 1984, the Magistrate was informed that all persons (about a dozen) who had expressed an interest in the judgeship vacancy would be interviewed. Three employees of Senator Laxalt interviewed her on August 2, 1984, the interview lasting about an hour. The Senator did not recommend Magistrate Atkins. The State court judge he did recommend was nominated by the President, confirmed by the U.S. Senate, and has assumed the position of U.S. District Judge. Subsequently, the Magistrate received a letter from Senator Laxalt acknowledging her interest and participation in the process of filling the vacancy. It is Magistrate Atkins' recollection that she was introduced to Mr. Laxalt once when he was serving as Lieutenant Governor of Nevada and a second time after he had been elected Governor of the State. Other than the foregoing, she recalls no contact with him.

■ The defendants point out that there need not be any suggestion of bias—the appearance of partiality is sufficient to require disqualification under § 455(a). They urge that the uncontroverted facts would cause a reasonable person to question the Magistrate's impartiality, for she has made no comment as to whether she will seek appointment to any federal judicial opening that might arise in the future. The defendants' hypothesis is that if such an opening was to occur, and she decided to apply for it, and Mr. Laxalt were still the senior Senator, then any adverse rulings in the instant action might jeopardize her chances. Also, the defendants note that members of Senator Laxalt's staff will be deposed, and may be called as witnesses in the trial of this case. The fear is expressed that the Magistrate may have trouble evaluating in an impartial manner any issues that might arise concerning the staff members.

The specific objections made by the defendants to the Magistrate's Order are that she applied a wrong standard (a duty to sit) in determining whether to disqualify herself, and that she failed to recognize that the undisputed facts indicate that her impartiality might reasonably be questioned. They argue that the appearance of impropriety is sufficiently strong to mandate her disqualification, especially because any close question must be resolved in favor of recusal. It is emphasized that the Magistrate's contacts with the Senator were very recent and that he still is in a position to benefit her.

In her Order, Magistrate Atkins concluded the defendants' position is based so completely on speculation (as to what might happen in the future) that a reasonable person with knowledge of all the facts would not question her impartiality.

In opposing the defendants' motion, the plaintiff has denoted the repeated references in the Magistrate's Order to the standard she was applying, namely whether a reasonable person with knowledge of all the facts would conclude that her impartiality might reasonably be questioned. Also, the plaintiff points out that the "duty to sit" phrase was used only once, in a footnote to the Order, and was clearly intended to reflect the Magistrate's belief that she has an obligation to continue with the case because the facts do not give rise reasonably to an appearance of partiality.

■ This action was assigned on October 18, 1984, to Magistrate Atkins for all pretrial proceedings within her jurisdiction. The motion to disqualify her was nondispositive, in that it would not resolve the issues raised by the claims for relief alleged in the pleadings. See Fed.R.Civ.P. 72(a). A ruling by a magistrate on a nondispositive pretrial matter should be set aside by a district court on review only if found to be clearly erroneous in fact or contrary to law. *Princiotta v. New England Tel. & Tel. Co., Inc.*, 532 F.Supp. 1009, 1011 (D.Mass. 1982); *Webb v. Califano*, 468 F.Supp. 825, 827–8 (E.D.Cal.1979); 28 U.S.C. § 636(b)(1)(A); Local Rule of Practice 11(c)(I)(A)(2); Fed.R.Civ.P. 72(a). As will be discussed below, a reasonable man standard is controlling here; i.e., whether a reasonable person with knowledge of all

the facts would conclude that the Magistrate's impartiality might reasonably be questioned. *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983). The testing of the reaction of a reasonable person is generally reviewable pursuant to the clearly erroneous standard. *United States v. Booth*, 669 F.2d 1231, 1236 (9th Cir.1982).

A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The clearly erroneous standard is applicable here, although the Court acknowledges that, as the defendants contend, the legislative history of 28 U.S.C. § 455(a) indicates that disqualification "is a sensitive question of assessing all the facts and circumstances in order to determine whether the failure to disqualify was an abuse of sound judicial discretion." 1974 U.S.Cong. & Adm.News 6351, 6355; *see also Home Placement Service v. Providence Journal Co.*, 739 F.2d 671, 674 (1st Cir.1984). A reviewing court will find an abuse of discretion only when there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Pue v. Sillas*, 632 F.2d 74, 78 (9th Cir.1980). All the facts and circumstances are being assessed in this Court's consideration of the defendants' objections to the Magistrate's Order. There would seem to be little difference, therefore, between deciding whether she committed a clear error of judgment or whether she committed a mistake. The reviewing court must feel a "definite and firm conviction" in either case. For the record, the clearly erroneous standard is held to govern here.

§ 455(a) reads: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It is the appearance of impartiality that is the material issue, not the ability to prove or disprove the absence of actual prejudice. *Hall v. Small Business Admin.*, 695 F.2d 175, 179 (5th Cir.1983). "The test for disqualification under section 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983).

Disqualification must rest upon a factual basis. *In re United States*, 666 F.2d 690, 695 (1st Cir.1981); *Home Placement Service v. Providence Journal Co.*, *supra* at 674; *United States v. Corr*, 434 F.Supp. 408, 412 (S.D.N.Y.1977). The subjective belief of the moving litigants is not determinative. *Id.* at 413; *Fong v. American Airlines, Inc.*, 431 F.Supp. 1334, 1337 (N.D.Cal.1977), *aff'd on oth. gds.*, 626 F.2d 759 (9th Cir.1980).

Many judges have a history of activity in politics or strong political connections; such a background is insufficient by itself to require recusal. *Home Placement Service, supra* at 675; *see also In re United States, supra* at 692–3. Even where a litigant or a witness supported the judge when he sought appointment to the judgeship, disqualification is not warranted. *Warner v. Global Natural Resources PLC*, 545 F.Supp. 1298, 1300–2 (S.D.Ohio 1982); *Baker v. City of Detroit*, 458 F.Supp. 374, 375–7 (E.D.Mich.1978). Judges regularly are in contact with congressmen, whether in connection with proposed legislation, court money matters or attendance at public functions. A reasonable person would not reasonably harbor doubts as to the judge's impartiality by reason thereof. *See United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir.1981). A judge is not expected to live in isolation. Through the years he is bound to have developed many business and personal contacts in the community, and to have acquired supporters and critics. The public's perception is that the judge's impartiality is not reasonably to be questioned when he presides over a case in which such a person

has an interest. *In re United States, supra* at 696–7.

Disqualification should not be based on tenuous speculation; if it were, litigants would have veto power over the assignment of judges. *Id.* at 694. A reasonable person would not reasonably doubt a judge's impartiality on the basis of speculation. *See United States v. Miranne*, 688 F.2d 980, 985 (5th Cir.1982); *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 437 F.Supp. 230, 234 (D.Haw.1977).

 The contacts between Magistrate Atkins and Senator Laxalt and his staff, as shown by the established facts, all were legitimate and to be expected in the ordinary course of events. Nothing about them reasonably could give rise to a feeling that the Magistrate would not be impartial in a case where the Senator is a litigant. This holding is not dependent on whether Magistrate Atkins plans again to apply for a judgeship in the future, does not plan ever to apply again, or doesn't know in her own mind whether she might seek a future judicial opening. The facts could not create any reasonable doubt in a reasonable person as to her impartiality. Speculation, as to events that might occur in the future and their possible effect on the Magistrate and the Senator, must be resorted to in order to support any contention as to an appearance of partiality. As noted above, recusal or disqualification should not be based on speculation. This is true even though a judge should resolve any close issue in favor of disqualification if a reasonable person might question his impartiality. *Hall v. Small Business Admin.*, *supra* at 178–9. There are policy reasons why a judge does have an obligation not to recuse himself when no probative evidence reasonably gives rise to doubt as to his impartiality. *Blizard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir.1979).

Magistrate Atkins' Order entered November 16, 1984, wherein she denied the motion to disqualify herself from this action, is AFFIRMED.