**BULK LIFT INTERNATIONAL INC.**

v.

**FLEXCON & SYSTEMS, INC., et al.**

Civ. A. No. 87–0687.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Oct. 13, 1988.

MEMORANDUM RULING

DUHE, District Judge.

This ruling concerns an appeal by plaintiff Bulk Lift International Incorporated ("Bulk Lift") of the Magistrate's Memorandum Order of June 13, 1988 122 F.R.D. 482. The plaintiff appeals that part of the Memorandum Order that: 1) requires the plaintiff's patent lawyer, Thomas E. Dorn ("Dorn"), to appear at a deposition and respond to all questions pertaining to Patent No. 4,307,764 (the '764 patent), and 2) requires production of documents related to the '764 patent in categories 6, 7 and 9 referred to in the Magistrate's order. Specifically, these items are:

6. Any and all letters and opinions rendered by Thomas E. Dorn regarding the validity of the '764 patent;

7. Any and all letters or opinions rendered by Thomas E. Dorn relating to the infringement of the '764 patent; and

9. Any and all correspondence forwarded to others or received from others relating to the infringement by others of the '764 patent.

## FACTS

On June 16, 1980, Peter J. Natrass, as inventor, applied for a patent on a "new" bulk material transport bag. This patent was issued on December 29, 1981 as the '764 patent and was assigned to Bulk Lift. Dorn acted as an attorney in connection with the patent application.

During a prior infringement action filed by Bulk Lift against Cajun Bag and Supply Co. ("Cajun Bag"), the U.S. Patent and Trademark Office ("PTO") granted Cajun Bag's request for reexamination of the '764 patent. At these proceedings, Cajun Bag first raised the issue of fraud in the procurement of the '764 patent.

Under 35 U.S.C. § 102(b), a patent cannot be awarded if the invention was described in a printed publication or was in public use or on sale more than one year prior to the date of the application. Cajun Bag argued that in 1978, more than one year before Bulk Lift applied for the '764 patent, Bulk Lift was manufacturing bags (the "1978 bags") identical to or very similar to the design sought to be patented in the '764 patent. Specifically, Cajun Bag argued that plaintiff's 1978 bags featured a critical corner seam design patented in the '764 patent.

To support its contention, Cajun Bag produced two brochures which had been published by Bulk Lift in 1978. The brochures were not sufficiently detailed to show the

actual construction of the 1978 bags, but Cajun Bag offered the patent reexaminer a detailed drawing of the bags' actual construction. (Defendants' Rebuttal Memorandum in Opposition to Plaintiff's Motion to Quash, Exhibit 2). In response to this drawing, Dorn filed a brief stating that "requestor's exhibit 2 is nothing more than argumentation submitted by the requestor Cajun Bag & Supply Company to illustrate the requestor's own expansion and interpretation of a construction that might have been employed in the bags shown in the brochures." *Id.* at 7.

As a result of the reexamination, all of the claims of the '764 patent were rejected. Ultimately, however, the patent claims were reinstated by the Board of Patent Appeals and Interferences.

The plaintiff filed this patent infringement action April 1, 1987. One of the allegations is that the defendants, Flexcon & Systems, Inc. and its president Daniel R. Schnaars ("Flexcon"), have infringed the '764 patent. Among its defenses, defendants have adopted Cajun Bag's argument that the construction of the 1978 bags was material prior art which was knowingly concealed by Dorn and Bulk Lift in the '764 patent proceedings before the PTO.

In an effort to gain discovery related to this defense, defendants' directed a subpoena to Dorn. Bulk Lift and Dorn then moved the court to quash the subpoena on the grounds of attorney-client privilege and the qualified work product immunity provided under Fed.R.Civ.P. 26(b)(3). The plaintiff now appeals that part of the Magistrate's ruling denying the motion to quash.

## LAW AND ANALYSIS

### I.

A magistrate's ruling on a nondispositive pretrial matter should be set aside by a district court only if found to be clearly erroneous in fact or contrary to law. Fed. R.Civ.P. 72(a); *Laxalt v. McClatchy*, 602 F.Supp. 214, 216 (D. Nevada 1985). "A finding is 'clearly erroneous' when, al-

though there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 217 (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Communications between an attorney and client, otherwise protected, which are made in furtherance of a fraud are not protected by attorney-client privilege or work product immunity. *Clark v. U.S.*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933).

■ The party seeking discovery bears the burden of showing a *prima facie* case of fraud, which consists of: 1) a knowing, willful, and intentional act of misrepresentation or omission before the patent office; 2) that is material; and 3) that the patent office relied upon in deciding to issue the patent. *American Optical Corporation v. United States*, 179 U.S.P.Q. 682, 684 (Ct.Cl. 1973). In denying the motion to quash, the Magistrate found that the defendant carried its burden.

### II.

■ The plaintiff makes four arguments in support of its appeal. The first is that the Magistrate's decision is based in part on an erroneous conclusion that on reexamination of the '764 patent the plaintiff should have asked the PTO to consider and rule on prior art outside of its reexamination jurisdiction under the specific limitations in 35 U.S.C. § 301 and 37 CFR § 1.510.

Section 301 and 37 CFR § 1.510 only limit the materials that can be considered by the PTO when it is considering a *request* for reexamination. Once a request for reexamination has been granted, the actual conduct of the reexamination proceedings is dictated by § 305 of the statute. Section 305 specifically provides that "reexamination will be conducted according to the procedures established for initial examination under the provisions of §§ 132 and 133 of this title. *See Ex parte McGaughey*, 6 U.S.P.Q.2d 1334, 1337 (B.P.A.I.

1988). Regulations pertinent to §§ 132 and 133, located at 37 CFR 1.106, provides:

[I]n rejecting claims the examiner may rely upon admissions by the applicant, or the patent owner in a reexamination proceeding, as to any matter affecting patentability

. . . .

In the '764 patent reexamination proceedings, Dorn's statement concerning Exhibit 2 [1] is an admission relating to prior art, and "is a fact that is part of the scope and content of the prior art which every examiner is required to consider whether in an initial examination or in a reexamination proceeding." *See Ex parte McGaughey* at 1338. Thus, any equivocation by Dorn in the reexamination proceeding as to the accuracy of Exhibit 2 may have mislead the reexaminer concerning an issue that could properly be considered in rendering a decision. Furthermore, the existence of the 1978 bag was also withheld by Dorn and Bulk Lift during the original patent proceedings.

The plaintiff's second contention is that the Magistrate's order is based in part on the incorrect assumption that Bulk Lift abandoned the claims of its '764 patent, including claims related to corner seam construction, in favor of a single, critical facet of the patented bag, the elimination of the top constriction inherent in a bulk transport bag patented by Natrass in 1977 (Patent No. 4,010,784).

The Magistrate's findings clearly show that she did not assume that the plaintiff's claims had been abandoned. On page 10 of her order, the Magistrate states that:

An examination of the '764 patent convinces me that the design of the corner seams, and particularly the way in which the design provides for fastening of the lifting loops at the top of each seam, is a central design feature of the bag.

On page 13, the Magistrate states that: [I] find that the corner seam design of the '764 patent was a critical design feature, and that any evidence of related

prior art was material to the '764 patent proceedings.

If the magistrate had found that the plaintiff had abandoned its claims, it is unlikely that the magistrate would have found that the admissions during the reexamination proceedings concerning the '764 patent supported a *prima facie* case of fraud.

Plaintiff's third contention is that the Magistrate's order extends beyond the authority relied on.

■ A finding of a *prima facie* case of fraud is necessary in order to pierce the attorney-client privilege. Inequitable conduct before the PTO is not sufficient. *American Optical Corporation v. United States,* 179 U.S.P.Q. 682, 684 (Ct.Cl.1973); *Research Corporation v. Gourmet's Delight Mushroom Co.,* 560 F.Supp. 811 (E.D. Pa.1983).

■ The Magistrate's finding that omission of relevant evidence was "relied on" by the PTO in deciding to issue the '764 patent and in the reexamination proceedings is sufficient to support a *prima facie* case of fraud. Dorn's communications related to the procurement and reexamination of the '764 patent are relevant to the fraud charge and thus discoverable. *W.R. Grace & Company v. P. Ballantine & Sons, et al.,* 175 U.S.P.Q. 464 (D.N.J.1970).

Finally, the plaintiff contends that other minor errors in the Magistrate's appealed decision require reversal. Since the Magistrate's ruling is essentially based on her finding that a misleading admission was made both during the initial examination and the reexamination proceedings, the enumerated minor errors are not sufficient to support grounds for reversal.

Fully considering the four separate grounds for reversal presented by the plaintiff, I do not find the Magistrate's order to be clearly erroneous in fact or contrary to law.

1. Exhibit 2 is the detailed drawing of the 1978 bags offered to the Patent Re–Examiner by Cajun Bag.

ORDER

For the written reasons assigned in the Memorandum Ruling of this date:

IT IS ORDERED that Magistrate's Order dated June 13, 1988 is AFFIRMED.

