VARO, INC., Plaintiff,

v.

LITTON SYSTEMS, INC., Defendant.

Misc. No. 2919–D.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 13, 1989.

Jerry W. Mills, Jerry R. Selinger, Robert M. Chiaviello, Jr. and Katherine Smith Addleman of Baker, Mills & Glast, P.C., Dallas, Tex., for Varo, Inc.

Gerald C. Conley of Jackson & Walker, Dallas, Tex., and Roger W. Kaufman, Dale A. Danneman, Peter S. Sexton and Pamela B. Gullett of Lewis and Roca, Phoenix, Ariz., for Litton Systems, Inc.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Plaintiff Varo, Inc. ("Varo") appeals an order of the magistrate granting a motion to compel filed by defendant Litton Systems, Inc. ("Litton"). For the reasons that follow, the magistrate's order is vacated in part and affirmed in part.

### I

This is a patent infringement action pending in the United States District Court for the District of Arizona. Varo alleges that Litton has infringed U.S. Patent No. 4,672,194 ("the '194 patent"). Litton has counterclaimed for patent invalidity. Litton served a subpoena duces tecum upon Jerry W. Mills, Esq. ("Mills") and Robert Chauza, Esq. ("Chauza"). Mills is an attorney with the law firm of Baker, Mills & Glast. Mills prepared and prosecuted the '194 patent application and serves as trial counsel for Varo. Chauza fulfilled the same role at one time but is no longer with the firm. Varo moved for a protective order to prevent the depositions. The magistrate denied the motion. The parties disputed the propriety of the scope of the documents produced by Varo and Litton filed the motion to compel.[1] The magistrate granted the motion in an order signed

---

1. Litton also served a second subpoena that it    later withdrew.

September 28, 1989 [2] and Varo now appeals.

## II

### A

The court begins by noting the standard of review that applies to orders of the magistrate entered in non-dispositive matters. Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate to hear and determine, with certain exceptions not pertinent here, any pretrial matter pending before the court. Under our Miscellaneous Order No. 6, Rule 4(b)(2) [N.D.Tex.Rules App. V at 61], no ruling of the magistrate in a matter that the magistrate is empowered to hear and determine shall be reversed, vacated, or modified on appeal unless the district judge shall determine, *inter alia,* that the magistrate's ruling is clearly erroneous, contrary to law, or constitutes an abuse of discretion.

### B

Varo contends the magistrate's order should be reversed as clearly erroneous or contrary to law because the order requires Varo to comply with the second subpoena—which was in fact withdrawn—and because the order requires Varo to produce documents protected by the attorney-client privilege and work product immunity doctrine. Litton responds that the magistrate's order should be affirmed because Varo has failed to establish that either the attorney-client privilege or the work product doctrine applies. Litton replies that the privileged document list it has produced is sufficient to satisfy its burden of proof.

■ The court first considers Varo's assertion that the magistrate's order compels Varo to produce documents responsive to the withdrawn subpoena. The parties agree that Litton served a second subpoena on Mills on September 14, 1989. That subpoena was withdrawn on September 19, 1989. The magistrate's order requires

Varo to produce "the documents described in the two subpoenas...." While the parties disagree regarding the scope of the first subpoena,[3] it is clear that Varo cannot be compelled to respond to the withdrawn subpoena. Accordingly, that portion of the magistrate's order compelling the production of documents responsive to the second subpoena is vacated.

The court next considers the principal question presented by this appeal: whether Varo has demonstrated that the requested documents are protected by the attorney-client privilege and/or the work product doctrine.

■ Both the attorney-client privilege and work product immunity doctrine apply to patent applications and other patent-related legal representation. *Sperry v. Florida,* 373 U.S. 379, 383, 83 S.Ct. 1322, 1324–25, 10 L.Ed.2d 428 (1963); *Bulk Lift Int'l, Inc. v. Flexcon & Systems, Inc.,* 122 F.R.D. 482, 491, *aff'd,* 122 F.R.D. 493 (W.D.La. 1988); *Research Inst. for Medicine and Chemistry, Inc. v. Wisconsin Alumni Research Found.,* 114 F.R.D. 672, 674–75 (W.D.Wis.1987). The burden of proving the existence of an attorney-client privilege or the applicability of the work product immunity doctrine is on the party claiming protection. *E.g., Willemijn Houdstermaatschapij BV v. Apollo Computer Inc.,* 707 F.Supp. 1429, 1442–43 (D.Del. 1989); *Bulk Lift,* 122 F.R.D. at 490 (citing *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)).

■ The attorney-client privilege applies only if:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication related a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose

---

**2.** On September 29, 1989 the magistrate stayed his order "until the Judge of this court has disposed" of the appeal. Order at 2.

**3.** Litton contends the first and second subpoenas call for production of the same documents. The court expresses no opinion on this issue.

of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing some crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*E.g., Apollo Computer,* 707 F.Supp. at 1442; *Bulk Lift,* 122 F.R.D. at 492; *Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 200 (E.D.N.Y.1988); *Synair Corp. v. American Indus. Tire, Inc.,* 645 F.Supp. 1080, 1083 (S.D.Tex.1986); *Hercules Inc. v. Exxon Corp.,* 434 F.Supp. 136, 144 (D.Del. 1977). A party claiming the privilege must make a proper showing, usually by affidavit, that all factors have been satisfied. *Apollo Computer,* 707 F.Supp. at 1443. A simple declaration that the privilege exists is insufficient. *Research Institute,* 114 F.R.D. at 675. Similarly, the mere existence of an attorney-client relationship or the mere exchange of information with an attorney does not give rise to a presumptive claim of privilege. *Id.* Instead, the proponent must show by affidavit that precise facts exist to support the claim of privilege. *Bulk Lift,* 122 F.R.D. at 492. A failure of proof as to any element causes the claim of privilege to fail. *Id.*

■ The work product immunity doctrine protects from disclosure documents prepared in anticipation of litigation or for trial, by or for a party or its representative. *Apollo Computer,* 707 F.Supp. at 1442. More than the mere possibility of litigation must be present before material is protected by the doctrine. *Bulk Lift,* 122 F.R.D. at 491. When a party fails to demonstrate that documents do in fact contain attorney

work product, the doctrine's applicability is properly rejected. *See Research Institute,* 114 F.R.D. at 680; *see generally Union Carbide Corp. v. Dow Chemical Co.,* 619 F.Supp. 1036, 1050–51 (D.Del.1985).

■ Varo did not submit the requested documents to the magistrate for *in camera* review and has not done so in this court.[4] Varo has not submitted an affidavit setting forth the specific facts that establish the existence of the privilege or the applicability of the work product doctrine. Instead, Varo relies solely on its privileged documents list to support its claim of protection. The court's review of this list indicates that it is essentially a blanket claim of privilege with respect to every document submitted by a Varo employee to Mills or Chauza and with respect to numerous documents concerning the patent application in an unspecified manner. The court cannot determine the applicability of the privilege or the work product doctrine on the basis of Varo's document list. As in *Bulk Lift,* "[Varo] has supplied no information to the court to establish that the ... documents requested fall within the narrow scope of the privilege." 122 F.R.D. at 492. Nor has Varo adequately demonstrated the applicability of the work product immunity doctrine. The court is therefore unable to conclude that the magistrate's order is clearly erroneous or contrary to law, and the court finds that the magistrate did not abuse his discretion in granting Litton's motion to compel. Accordingly, that portion of the magistrate's order directing Varo to produce documents responsive to the first subpoena is affirmed.[5]

---

4. Varo does assert its willingness to submit the documents for *in camera* review in its brief in support of appeal of the magistrate's order. Because Varo did not submit the documents to the magistrate, the court declines to review them now. The controlling question is whether the magistrate's ruling, considered in light of the record before him, is clearly erroneous, contrary to law, or constitutes an abuse of discretion. Allowing Varo to belatedly tender the documents for *in camera* review would denigrate the important functions the magistrate serves. Such a tardy submission would effectively fashion a rule entitling parties to *de novo* determinations of non-dispositive matters before the district judge. Because this directly

contravenes the purpose of referring matters to the magistrate in the first instance, as well as violates the standards of review set forth by statute and pursuant to our Local Rules, the court declines to consider the documents *in camera* where they were not submitted to the magistrate.

5. The court expresses no opinion on whether Varo's claims of privilege would be sustained upon a proper showing. Because Varo has failed to make such a showing, its reliance on the trial division's decision in *Knogo Corp. v. United States,* 213 U.S.P.Q. 936 (Ct.Cl.1980), is misplaced.

The magistrate's order is VACATED in part and AFFIRMED in part.

SO ORDERED.