DERRICK MANUFACTURING CORP., Plaintiff,

v.

SOUTHWESTERN WIRE CLOTH, INC., et al., Defendants.

Civil Action No. H–94–0135.

United States District Court, S.D. Texas, Houston Division.

Feb. 21, 1996.

David Lee Burgert, Porter & Hedges, Houston, TX, for Derrick Manufacturing Corporation.

Daniel O. Goforth, Goforth Lewis Scott & Williams, Lester L. Hewitt, Pravel Hewitt Kimball & Krieger, Houston, TX, for Southwestern Wire Cloth Inc.

Daniel O. Goforth, Goforth Lewis Scott & Williams, Houston, TX, for Oilfield Screens, Robert E. Norman.

Richard Austin Schwartz, Schwartz Campbell & Oathout, Houston, TX, for Amoco Corporation.

### *MEMORANDUM AND ORDER*

ATLAS, District Judge.

Pending before this Court is a **Motion for Release of Affidavit of Mr. Gastel Submitted in Camera to U.S. Magistrate Stacy** [Doc. # 43] (hereinafter "Motion"), filed by Defendants Southwestern Wire Cloth, Inc., Southwestern Wire Cloth Oilfield Screens, Inc. and Robert E. Norman (collectively, referred to as "Defendants"). The Court has reviewed the parties' submissions on this and the Motion to Compel previously urged to Magistrate Judge Stacy, all other matters of record in this case, and the applicable authorities.

Defendants' Motion seeks the disclosure of the affidavit of Mr. Joseph J. Gastel. Gastel is a patent attorney who assisted Derrick Manufacturing Corporation ("Plaintiff" or "Derrick") in the prosecution of U.S. Patent No. 4,575,421 ("the '421 patent"), the patent in issue in this action. Defendants appear to seek Gastel's testimony about his advice to Derrick, if any, as to what the law defines as "prior art" and what prior art the law required Derrick to disclose. Defendants also appear to seek Gastel's testimony concerning whether and, if so, how he informed Derrick's representatives of their duty of disclo-

sure to the Patent and Trademark Office on this and other topics. Exhibit B to Motion (Memorandum in Support of Motion to Compel Discovery Wrongfully Withheld on Basis of Privilege), at 13–14.

SWC argues that the Gastel Affidavit, which was prepared in May 1995 at the request of Magistrate Judge Frances Stacy in connection with Defendants' previous motion to compel, see Doc. # 31, should be disclosed for the following reasons:

1. The communications between Gastel and Plaintiff regarding prior art were not privileged, since the facts in issue were known to the public, and the discussions were regarding facts rather than legal advice. Motion, at 3.

2. Derrick inventors "have placed their state of mind in issue by attempting to excuse their failure to disclose prior art products because their attorney Mr. Gastel never told them what prior art was," and therefore have waived the attorney-client privilege. Id., at 2–3.

3. Defendants have made out a prima facie case of the commission of fraud by Derrick before the Patent and Trademark Office, which justifies a waiver of Derrick's attorney-client privilege. Id. at 3.

Derrick opposes the disclosure of the Gastel Affidavit or any testimony by Gastel on the issue of prior art. Derrick contends that none of the arguments SWC asserts are applicable, that the attorney-client privilege applies in patent cases as in any other type of cases, that the privilege has not been waived in this case, and that there is no proof of fraud as is necessary to meet the crime-fraud exception to the attorney-client privilege. See Derrick's Opposition to SWC's Motion to Release Affidavit of Mr. Gastel [Doc. # 61] (hereinafter "Opposition").

The various claims and defenses in this patent infringement action are complex and the subject of great factual dispute. Indeed, since Defendants have introduced the inequi-

table conduct defense into the case, determinations of the relevance of the prior art and Plaintiff's representatives' intent in not making these disclosures are one of the key questions for the jury.

### Application of the Attorney–Client Privilege

 The Court finds first that the attorney-client privilege attaches to the work Gastel performed for Plaintiff in obtaining the '421 patent. Legal advice and assistance in connection with the prosecution of a patent application fall within the attorney-client privilege. See Sperry v. Florida, 373 U.S. 379, 383, 83 S.Ct. 1322, 1325, 10 L.Ed.2d 428 (1963); Varo, Inc. v. Litton Systems, Inc., 129 F.R.D. 139, 141 (N.D.Tex.1989); Bulk Lift Int'l, Inc. v. Flexcon & Systems, Inc., 122 F.R.D. 482, 491, aff'd, 122 F.R.D. 493 (W.D.La.1988); Rohm & Haas Co. v. Dawson Chemical Co., 214 U.S.P.Q. 56, 58, 1981 WL 59409 (S.D.Tex.1981). Even if the Court were to accept SWC's argument that "[d]iscussions regarding prior art are discussions regarding facts, not legal advice," see Motion, at 3, discussions regarding the existence of a duty to disclose are also at issue here and clearly involve legal advice.

### Crime–Fraud Exception

SWC argues that Derrick failed to disclose highly material prior art products during application for the '421 patent, and therefore committed fraud before the Patent and Trademark Office. Based upon this, SWC argues that communications between Derrick and its patent attorney concerning the patent application should not be protected by the privilege.

 Communications between attorney and client made in furtherance of a crime or fraud are not protected by either the attorney-client privilege or work product immunity. Synair Corp. v. American Indus. Tire, Inc., 645 F.Supp. 1080, 1084 (S.D.Tex.1986) (citing Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933)); Rohm and Haas Co., 214 U.S.P.Q. at 58. A defendant

asserting the crime-fraud exception bears the burden to establish both a *prima facie* case of fraud, and that the communications bears a relationship to the fraud. *Ward v. Succession of Freeman,* 854 F.2d 780, 790 (5th Cir.1988), *cert. denied,* 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989); *Synair,* 645 F.Supp. at 1084.

■ SWC argues that it has made out a *prima facie* case of inequitable conduct, that this is equivalent to a *prima facie* case of fraud, and therefore that the communications between Derrick and Gastel are not protected. *See* Exhibit B to Motion, at 23–24. SWC relies on its argument that highly material prior art was not cited to the Patent and Trademark Office ("PTO") during the prosecution of the '421 patent.

■ In a case alleging either inequitable conduct or fraud, "the question presented is whether there exists a prima facie showing that the withheld information was material as that term is defined in PTO Rule 1.56(a), *i.e.,* whether there is a substantial likelihood that a reasonable examiner would have considered the omitted information *important* in deciding whether to allow the application to issue as a patent." *Synair,* 645 F.Supp. at 1085 (*citing J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc.,* 747 F.2d 1553, 1559 (Fed.Cir.1984), *cert. denied,* 474 U.S. 822, 106 S.Ct. 73, 88 L.Ed.2d 60 (1985)) (emphasis in original). In addition to the materiality of the disclosure, the intent of the actor must also be considered by the Court. While simple oversight, mistake, negligence, or an erroneous judgment made in good faith are not sufficient to establish intent, gross negligence may be sufficient. *J.P. Stevens,* 747 F.2d at 1560; *Synair,* 645 F.Supp. at 1085–86. Gross negligence "is present when the actor, judged as a reasonable person in his position, should

have known of the materiality of a withheld reference." *J.P. Stevens,* 747 F.2d at 1560.

While Defendants have presented some evidence supporting its argument that the undisclosed prior art was material, citing to deposition testimony of Robert Derrick, John Bakula, and Gastel, *see* Exhibit B to Motion, at 10–11, Defendants' only argument regarding intent is that it may be inferred from the materiality of the undisclosed prior art. *See id.* at 12.[1]

The Court finds that Defendants' showing does not justify disclosure of the Gastel Affidavit. Defendants have not met their burden to make a *prima facie* showing of fraud in light of the deposition testimony, affidavits and other material of record. There are viable explanations given of Derrick's good faith negligence, but not fraudulent intent to deceive. Therefore the Court declines to invade the traditionally protected realm of the attorney-client privilege, and holds that the crime-fraud exception does not apply.

### Waiver

■ The issue of waiver of the attorney-client privilege involves the possible reliance by Derrick representatives on the advice of its patent attorney, Joseph Gastel. SWC aggressively argues that Derrick has put its representatives' state of mind in issue, directing the Court's attention to Robert Derrick's statements in his deposition that (1) he does not recall any discussion with Gastel regarding disclosure of prior art, (2) he does not recollect Gastel discussing any duty to disclose prior art, (3) Gastel never gave any explanation of duty to disclose prior art, and (4) Gastel never discussed the meaning of prior art. Exhibit B to Motion to Release, at 15.[2] All of these statements by Robert Derrick were made in response to questions from SWC attorneys. SWC relies on these four

1. This is identical to SWC's argument for summary judgment on the grounds of inequitable conduct. This Court denied summary judgment, finding that there were questions of fact on the issue of intent. *See* Doc. # 112.

2. SWC also directs the Court's attention to page 121 of Robert Derrick's deposition for Derrick's statement that he and Gastel never discussed any

prior art Derrick products. However, when Robert Derrick was asked whether he ever discussed any prior Derrick products with Gastel, he answered "Yes. The sandwich patent." Exhibit 11 to Defendants' Motion for Partial Summary Judgment Based Upon Inequitable Conduct [Doc. # 41], at 121.

citations to Robert Derrick's deposition to support of its argument for waiver. Motion, at 2–3, ¶ 2; Exhibit B to Motion, at 15.

■ A voluntary disclosure of information which is inconsistent with the confidential nature of the attorney client relationship waives the privilege. *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir.1993); *Ward*, 854 F.2d at 787–88. The controlling question is whether the party asserting the privilege *"voluntarily* injected a reliance-on-advice-of-counsel issue." *Ward*, 854 F.2d at 788 (emphasis in original); *In re Burlington Northern, Inc.*, 822 F.2d 518 (5th Cir.1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). Therefore, in order to waive the privilege by voluntarily injecting an issue in the case, " 'a defendant must do more than merely deny a plaintiff's allegations.' " *Ward*, 854 F.2d at 789 (*quoting Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir.1987)).

As Derrick argues, the cases cited by SWC are cases in which a party has purposefully waived the privilege as to certain communications in order to affirmatively prove a particular fact. *See, e.g. Starsight Telecast, Inc. v. Gemstar Development Corp.*, 158 F.R.D. 650 (N.D.Cal.1994) (affirmative representations by party and counsel regarding their communications about prior art are more than mere denial, and thus privilege was waived); *Mushroom Associates v. Monterey Mushrooms*, 25 U.S.P.Q.2d 1304, 1992 WL 056397 (N.D.Cal.1992) (privilege waived because party claiming privilege had submitted attorney's declaration with its summary judgment papers); *General Electric Co. v. Hoechst Celanese Corp.*, 15 U.S.P.Q.2d 1673, 1990 WL 154218 (D.Del.1990) (party claiming privilege offered testimony regarding lack of intent, which was more than mere denial and therefore waived privilege); *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977 (D.Del. 1982) (privilege waived when attorney, acting on behalf of client, voluntarily sent information to opposing party), *aff'd*, 758 F.2d 668 (Fed.Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985).

The cases cited by SWC are clearly distinguishable from the current context, in which Robert Derrick merely denied, when asked by SWC's attorneys, that he had any memory of discussing prior art with Gastel. SWC has not cited the Court to any place in the record in which Derrick's representatives affirmatively stated that they had relied upon Gastel's advice regarding disclosure of prior art. To the extent that Defendants argue that Robert Derrick's denials constitute a waiver of the attorney-client privilege, the Court disagrees. The witness' comments are mere denials, and thus are insufficient to constitute partial disclosure and waiver with respect to this topic. *See Conkling*, 883 F.2d at 434 (the attorney-client privilege is waived when a litigant places information protected by it in issue through "some affirmative act" for his own benefit); *Ward*, 854 F.2d at 789 (a party must do more than "merely deny" allegations in order to waive the privilege). Therefore, the statements did not waive the attorney-client privilege.

It is therefore

**ORDERED** that **Defendants' Motion for Release of Affidavit of Mr. Gastel** [Doc. # 43] is **DENIED**.