Mary Kathryn THOMAS, Plaintiff,

v.

HOFFMAN–LAROCHE, INC., and Robert P. Myers, M.D., Defendants.

Civ. A. No. EC 86–19–D–D.

United States District Court, N.D. Mississippi, E.D.

Jan. 18, 1989.

Order Denying Stay March 2, 1989.

---

**3.** Defendant states that the Minnesota court would consider Dr. Potts to be an expert wit-

ness.

John A. Owens, Susie Taylor Carver, Phelps Owens Jenkins Gibson & Fowler, Tuscaloosa, Ala., H.J. Davidson, Jr., Carter & Davidson, Columbus, Miss., for plaintiff.

Earl Keyes, Keyes, Moss, Piazza & Woods, Jackson, Miss., John D. Winter, Patterson, Belknap, Webb & Tyler, New York City, for defendant Hoffman–La-Roche.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause is before the court on defendants' motion to set aside the sanctions imposed in the case *sub judice*. The magistrate awarded attorneys' fees as sanctions for various abuses of the discovery process. Having considered the motion, briefs, depositions at issue, affidavits, exhibits, authorities presented, and the record as a whole, the court is of the opinion that the subject motion is not well taken.

### I.

### FINDINGS OF FACT

Mary Kathryn Thomas ("Mrs. Thomas") brought this action against Hoffmann–La Roche, Inc. ("Roche") and Robert P. Myers ("Dr. Myers") on theories of product liability and negligence for injuries allegedly caused by the drug Accutane. To state it mildly, discovery has not gone smoothly in this action. A simple review of the docket sheet illustrates the numerous discovery disputes presented to the magistrate.

As part of the discovery process, plaintiff arranged for the taking of depositions of Roche representatives. Plaintiff noticed the depositions of Dr. John P. Pepper and Dr. Dorothy Windhorst for the week of April 6, 1987. In addition, plaintiff requested the corporation to produce other unnamed persons pursuant to Rule 30(b)(6). Roche was asked to produce deponents knowledgeable in the following categories: (i) the "development" of Accutane; (ii) "testing" done on Accutane; (iii) adverse reactions received by Roche concerning the drug; (iv) the training and education of persons "marketing" Accutane; (v) prescribing information for the drug; and (vi) literature or brochures prepared by Roche. Roche agreed to the depositions but indicated that Dr. John Pepper would be unable to appear because of a medical condition.

The depositions of Dr. Windhorst and Dr. Del Vecchio were held in New York on April 6 and 7, 1987. The depositions were videotaped for use at trial. Prior to the beginning of each deposition, counsel for

both parties agreed to the "usual stipulations" that "it shall not be necessary for any objections to be made by counsel to any questions, except as to form or leading questions, and that counsel for the parties may make objections and assign grounds at the time of the trial...."[1]

The conduct during the depositions at issue will not be tolerated by this court. Counsel for Roche disrupted these depositions with repeated objections, comments, and attempts to control the proceedings. The court has reviewed transcripts of the depositions at issue and finds that the misconduct of Roche's counsel destroyed the value of the videotaped depositions and was completely inexcusable. By the court's calculation, Roche's counsel made over 570 objections during the two depositions allowed.[2] Dr. Windhorst's deposition lasted approximately six and one-half hours and Dr. Del Vecchio's deposition lasted approximately seven hours. Roche's counsel averaged over 45 objections per hour for two full days. The court has reviewed a sample of the objections raised and finds many to be unnecessary and totally without merit. Roche's counsel repeatedly interfered in plaintiff's counsel's efforts and obstructed the deposition by comments and needless objections.

Defendant Roche failed to provide deponents knowledgeable in the requested areas as provided by Rule 30(b)(6). Roche was asked to produce employees to answer questions in six distinct categories. During the week of April 6, Roche produced only one deponent, Dr. Del Vecchio, in addition to one of the deponents specifically requested, Dr. Windhorst. Plaintiff's counsel objected to the adequacy of the designations. Plaintiff requested deponents knowledgeable in six categories. The two doctors deposed were familiar with the drug Accutane but not the information disseminated regarding the drug. The deponents provided by Roche were not able to address the requested categories despite a clear Rule 30(b)(6) request and timely objections. These employees were made available for only one day each. Roche's counsel terminated the scheduled depositions after two days despite objections to the limited time allowed and plaintiff's failure to adequately explore the complicated issues to be addressed.

## II.

### CONCLUSIONS OF LAW

The court may only reconsider the magistrate's nondispositive pretrial determinations under the "clearly erroneous or contrary to law" standard of review. The court's function in reviewing the magistrate's ruling is established by Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A). Rule 72(a) and Section 636(b)(1)(A) both expressly provide that the district court is only to modify or set aside the magistrate's ruling on a pretrial matter when it is found to be "clearly erroneous or contrary to law." The court's scope of review is significantly limited in a discovery situation. *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.1981); *Madison v. Mississippi Medicaid Commission*, 86 F.R.D. 178, 185 (N.D.Miss.1980); *see also Moore v. Secretary of Health and Human Services*, 651 F.Supp. 514, 515 (E.D.Mich. 1986); *Laxalt v. McClatchy*, 602 F.Supp. 214, 217 (D.Nev.1985); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 59 (D.R.I.1981).

"A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948). The reviewing court is not limited in its review of the legal standard

---

1. This stipulation allows the parties to reserve objections for trial except those which might be remedied at the deposition. Fed.R.Civ.P. 32(d)(3). The parties are not forced to waive their objections and depositions are conducted in a more orderly fashion.

2. Based upon Roche's exhibits, Roche's counsel made 104 objections to "leading" questions, 239 objections based on vagueness and ambiguity, 58 objections to argumentative questions, 77 objections to compound questions, 71 objections to questions that called for speculation, and 26 objections on other grounds.

applied. However, a decision will be upheld if the record reveals other legal grounds which support the decision. *Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S.Ct. 307, 308–09, 1 L.Ed.2d 314, 315 (1957); *Scivally v. Time Ins. Co.,* 724 F.2d 101, 103 (10th Cir.1983).

The court has reviewed the notice of deposition, transcripts of the depositions at issue, the related videotape log, and the remaining record to determine the actions of counsel. The court does not find that the magistrate's finding that Roche's counsel's abuse of the discovery process justified sanctions was either "clearly erroneous or contrary to law." The nature of the discovery misconduct was described in the magistrate's June 9, 1987 and March 15, 1988 orders, thoroughly briefed by the parties and evident from the exhibits presented. The court briefly set out the misconduct of Roche's counsel above. The record fully supports the magistrate's findings.

■ Sanctions are appropriate when a party fails to comply with a request under Rule 30(b)(6) to produce knowledgeable deponents to testify on behalf of the organization. A party may be sanctioned for disregarding the obligations imposed by the discovery rules without a direct violation of a court order. *Guidry v. Continental Oil Co.,* 640 F.2d 523, 533 (5th Cir.), *cert. denied,* 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981). Rule 37 sanctions can be imposed without a finding of bad faith. *See Merritt,* 649 F.2d at 1018. Rule 37(d) provides in pertinent part as follows:

> If ... a person designated under Rule 30(b)(6) ... to testify on behalf of a party fails (1) to appear before the officer who is taking his deposition, after being served with the proper notice ... [the court] may make such orders in regard to the failure as are just.... In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Attorney's fees are part of the wide range of sanctions available to encourage counsel to follow acceptable discovery procedures. *See Surg-O-Flex of America, Inc. v. Bergen Brunswig Co.,* 76 F.R.D. 654, 655 (D.Conn.1977); *Stanziale v. First Nat. City Bank,* 74 F.R.D. 557, 560 (S.D.N.Y. 1977).

■ The court has inherent power to levy sanctions in response to abusive litigation practices during discovery. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–65, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488, 500 (1980). Sanctions based upon this "inherent power" are limited to certain circumstances, including the abuse of discovery. The court finds that the disruptive conduct during the depositions was willful.[3] Sanctions are appropriate in the case *sub judice* even without a prior written order. *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1338 (9th Cir.1985). The conduct of Roche's counsel during the taking of the depositions warrants sanctions under Rule 37, 28 U.S.C. § 1927, and the inherent power of a federal court.

The court finds that the magistrate's order was not clearly erroneous or contrary to law. The magistrate properly found egregious misconduct during discovery and has the power to sanction such misconduct. Counsel for Roche failed to provide the deponents requested, greatly disrupted the depositions, and refused to allow plaintiff's counsel to conduct proper discovery. The magistrate's orders exemplify fairness and restraint. The award of attorney's fees is narrowly tailored to the discovery abuse involved and is an appropriate sanction under the discovery rules. Defendant Hoffmann–LaRoche, Inc.'s motion to set aside the award of sanctions is denied.

An order in accordance with this opinion will be issued.

---

**3.** Although the magistrate did not find it necessary in its June 9 order to hold that counsel's conduct was willful, the court does find that the behavior of Roche's counsel at the deposition was a willful abuse of the discovery process.

## ORDER DENYING STAY

The defendants' request for an order staying the effect of this court's January 19, 1989 order affirming the actions of the United States Magistrate in assessing certain sanctions against the defendants herein came on for consideration. The court is of the opinion that the request is not well taken and that the payment ordered by the previous orders of this court should be promptly tendered to the attorneys for the plaintiff. Subject payment shall be made within 10 days from the date hereof. Conduct to the contrary shall be deemed contemptuous of this court.

ORDERED.