**CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO, as Trustee for the Finney County, Kansas, Single Family Mortgage Revenue Bond Program, 1982, Series A, Plaintiffs,**

v.

**John E. CATON, Kirchner Moore and Company, a Colorado corporation, and United Securities, Inc., a Kansas corporation, Defendants.**

**KIRCHNER MOORE AND COMPANY, Third Party Plaintiff,**

v.

**GARDEN NATIONAL BANK, a national banking association, Third Party Defendant.**

**No. 88–1611–C.**

United States District Court, D. Kansas.

March 8, 1990.

Stephen C. Schulte of Winston & Strawn, Chicago, Ill., and Ken M. Peterson of Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., for plaintiffs.

James C. Ruh of Jensen, Byrne, Parsons, Ruh & Tilton, P.C., Denver, Colo., and David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for Kirchner Moore and Co.

Martin W. Bauer of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for Garden Nat. Bank.

MEMORANDUM AND ORDER

JOHN B. WOOLEY, United States Magistrate.

For consideration and decision by the court this 8th day of March, 1990 is the motion of the third party defendant, Garden National Bank (GNB), for a protective order and stay of discovery (Dkt. # 157 filed September 5, 1989) and the motion for protective order filed by defendant and third party plaintiff, Kirchner Moore and Company (KMC), on September 7, 1989 (Dkt. # 161) for an order staying the depo-

sitions of Joe Norton and John Caton, and related relief. Plaintiff has filed a joint response to both motions (Dkt. # 163 filed September 11, 1989). KMC has filed a response to GNB's motion for protective order (Dkt. # 172) and GNB has filed a response to KMC's motion for protective order (Dkt. # 174). The issues are, thus, fully briefed.

Plaintiff is represented by Stephen C. Schulte of Winston & Strawn, Chicago, Illinois and Ken M. Peterson of Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kansas. Third party plaintiff Kirchner Moore and Company is represented by James C. Ruh of Jensen, Byrne, Parsons, Ruh & Tilton, P.C., Denver, Colorado and David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, Kansas. Third party defendant, GNB, is represented by Martin W. Bauer of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kansas.

This case fairly bristles with discovery disputes and counsel have recently informed the court that discovery is at a standstill until some of the pending motions, including these motions, are decided. John Caton, one of the defendants in this case, has been partially deposed as has one Joe Norton, who apparently is an important, if not a key, witness.

In its motion, GNB argues that the parties have conducted extensive depositions under a schedule that was to include the completion of the depositions of the defendants or related deponents, particularly John Caton and Joe Norton before commencing the depositions of representatives of GNB. Plaintiff's counsel and counsel for defendant Caton apparently agreed, by a letter dated August 16, 1989 from plaintiff's counsel to William Smith, counsel for Caton, that Caton and Norton would be available to complete their depositions on September 11, 1989. For reasons not particularly important to the resolution of the instant motions, the depositions were not completed on September 11, and remain unfinished.

Other than the letter above referred to, there is, apparently, nothing in writing between the parties as to the order in which depositions or other discovery will be commenced or completed.

GNB argues that it is entitled to have the depositions of Caton and Norton completed before the depositions of its representatives, employees and officers are deposed; requests a protective order precluding the taking of the depositions of any present or past employees of GNB until the completion of the depositions of Caton and Norton; requests a further protective order that if and when the present or past employees of GNB are deposed, each deponent's deposition must be completed before the deposition of the next deponent can commence and, absent the consent of counsel for GNB, a deposition of a GNB representative cannot be commenced unless it can be concluded during the days reserved within the week for the taking of GNB depositions.

At the time the instant motion was filed by GNB, there was also a motion on file by plaintiff for leave to file an amended complaint. GNB requested that no discovery of its representatives should be permitted until the motion was decided and defendants have filed their respective answers thereto. Plaintiff's Motion for Leave to File Amended Complaint has recently been decided, however the time for defendants to answer, or otherwise plead, has not expired. GNB further requests that it should not be required to respond to KMC's pending Motion to Compel (pertaining to one set of Interrogatories and three sets of document requests) until the Motion of Plaintiff for Leave to File Amended Complaint is decided and, if allowed, until the subsequent pleadings (answers or other pleadings) have been filed, or the period for doing so has lapsed. GNB contends that KMC's third party action against it is frivolous as to both law and fact and that GNB should not be required to respond to discovery in any form under the present posture of the case and until the procedural disputes existing between the other parties are resolved. GNB further requests the court to issue an order granting GNB leave to file an amended answer to KMC's Third

Party Complaint only in the event GNB's pending Motion to Dismiss is denied.

In its response to GNB's Motion for Protective Order, KMC states that GNB's claim that the parties have conducted extensive depositions under a schedule that was to include the completion of the depositions of Caton and Norton before commencing the depositions of representatives of GNB is false and that no written stipulation was entered into in this case pursuant to Rule 29, F.R.Cv.P., or otherwise. KMC further argues that such a position is contrary to Rule 26(d), F.R.Cv.P.; that the restrictions GNB seeks on KMC's ability to depose GNB's representatives are unfair and unworkable and would hinder orderly and productive discovery by allowing GNB's counsel to control discovery of evidence in the possession or control of GNB in this case. Without enumerating them, KMC takes issue with each of GNB's arguments in support of its request for a protective order.

In its Motion for Protective Order, KMC requests an order staying the depositions of Norton and Caton until such time as the court has ruled on the motions of GNB and plaintiff that the depositions of Caton, Norton and KMC personnel must be completed before defendants can take any depositions and until the court rules on other limitations on discovery sought by GNB in its Motion for Protective Order. KMC further argues that it has produced all but one or two of its representatives for depositions in spite of which, counsel for plaintiff and GNB have repeatedly attempted to frustrate the attempts of KMC and the other defendants to depose additional representatives of plaintiff and GNB.

In its response to both GNB's and KMC's motions for protective orders, plaintiff states that in early 1989 counsel for the parties agreed to a deposition schedule as follows:

A. Continental Bank personnel;
B. Defendants' personnel;
C. Garden National Bank personnel;
D. Others.

Plaintiff further states that the depositions of the requested Continental personnel proceeded in February, 1989 and that plaintiff deposed a number of defendants' personnel but has not completed the depositions of Caton, Norton, Dalton and Bigelow; that plaintiff and Caton's counsel are agreeable to proceeding with the depositions of Caton and Norton at a mutually agreeable time and that only KMC, who has no real standing to do so, objects to the completion of those depositions so it can start new depositions. Plaintiff requests the court set an orderly discovery schedule that directs completion of the previously noticed depositions of Bigelow, Dalton, Caton and Norton after which plaintiff will be willing to produce other personnel requested by KMC.

Rule 26(d), F.R.Cv.P., provides:

SEQUENCE AND TIMING OF DISCOVERY. Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.

Rule 26(c), F.R.Cv.P., provides, in pertinent part, as follows:

PROTECTIVE ORDERS. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; ...

Rule 29, F.R.Cv.P., provides, in pertinent part:

Unless the court orders otherwise, the parties may by written stipulation (1) provide that depositions may be taken

before any person at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions ...

The notes of the advisory committee on rules (1970) pertaining to subdivision (d) of Rule 26, contain a general discussion of the principal problems prior to the 1970 amendments when, as a general rule, priority was conferred on the party who first served a notice of taking a deposition, the reasons for the change in the rule and point out that subdivision (d) is now based on an approach adapted from civil rule 4 of the District Court for the Southern District of New York. "That rule provides that starting 40 days after commencement of the action, unless otherwise ordered by the court, the fact that one party is taking a deposition shall not prevent another party from doing so 'concurrently.' In practice, the depositions are not usually taken simultaneously; rather, the parties work out arrangements for alternation in the taking of depositions. One party may take a complete deposition and then the other, or, if the depositions are extensive, one party deposes for a set time and then the other. See *Caldwell–Clements, Inc. v. McGraw–Hill Pub. Co.,* 11 F.R.D. 156 (S.D.N.Y. 1951)."

"In principle, one party's initiation of discovery should not wait upon the other's completion, unless delay is dictated by special considerations. Clearly the principle is feasible with respect to all methods of discovery other than depositions...." "Once it is clear to lawyers that they bargain on an equal footing, they are usually able to arrange for an orderly succession of depositions without judicial intervention."

Rule 26(d), its history and the 1970 changes are discussed in Wright & Miller, *Federal Practice & Procedure:* civil § 2046 and 2047, to the same effect.

Other than referring to Rule 26 and Rule 29, F.R.Cv.P., the parties do not cite any law in support of their positions.

■ The court has broad powers and wide discretion in regulating discovery. *Lindenau v. Alexander,* 663 F.2d 68, 74 (10th Cir.1981). The general policy, at least in the District of Kansas, is not to stay discovery because dispositive motions are pending. *Thies v. Hudson Food, Inc.,* No. 88–4002 (D.Kan., April, 1988) (VanBebber, J.); *First Bank of Troy v. Commerce Bank of St. Joseph,* No. 85–2174 (D.Kan. October 21, 1985) (Rushfelt, J.), and *Lyle Brothers v. American Salt Co.,* No. 84–1637 (D.Kan. February 12, 1985) (Theis, J.). Although, upon a showing of good cause, the court may, under Rule 26(c), F.R.Cv.P., stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.

Parties in this case are obviously in dispute about whether or not there was an agreement as to the order and timing of discovery. Certainly there is no *formal* written stipulation or agreement pursuant to Rule 29, or otherwise.

■ If the court is ultimately required to deal in specifics and designate which depositions shall be taken in a particular sequence, it is likely that counsel for all parties will be inconvenienced and the court's schedule will simply add to the difficulties counsel already have in resolving court settings, deposition dates, client interviews and other professional commitments and conflicts that inevitably occur in the practice of law. Believing that the above guidelines will enable counsel to arrange for an orderly sequence of depositions and other discovery without further judicial intervention at this particular time, the court declines to now establish a specific sequence of discovery events. It appears, however, from the files, that plaintiff and KMC have made some of their representatives available for depositions by all parties. It is obvious that other parties have not been able to depose any representatives of GNB.

The court suggests, without now ordering, that those depositions already com-

menced be given a high completion priority after which counsel hopefully could agree to set aside a period of time for depositions of GNB representatives, KMC and United Securities, Inc. representatives after which the remainder of plaintiff's employees and officers could be deposed.

Accordingly, the court finds that both of the instant motions should, to the extent they seek relief inconsistent with the above findings and guidelines, be overruled. The court further finds that deposition discovery in this case should commence no later than April 10, 1990 upon a schedule to be agreed upon by counsel for the parties. The court further finds that if counsel cannot agree upon a deposition schedule they shall notify the court on or before April 10 after which the court will specifically designate the date, place and sequence in which such depositions will be taken.

If, on or before April 10, 1990, agreement cannot be reached, counsel for each of the parties will furnish to the court, in writing, on or before April 20, 1990, the following:

1. The name of each person deposed at the request of that lawyer, together with information as to which of the parties hereto each such deponent works or formerly worked.

2. The name of each person partially deposed at the request of that lawyer, together with information as to which of the parties hereto each such partially deposed person works or formerly worked.

3. A list of the names, and addresses, by city or town, of all persons he or she anticipates deposing, together with an indication as to which of the parties hereto that person presently works or formerly worked.

A discovery conference will be held in this case on April 30, 1990, at 9:00 o'clock a.m., Room 322, Federal Courthouse, 401 North Market Street, Wichita, Kansas. Counsel are directed to be present *in person* and bring with them their desk calendars or whatever else is necessary to enable the court and counsel to set specific dates and times for the completion of all, or some substantial portion, of the remaining discovery. If counsel do agree on a deposition and discovery schedule, acceptable to the court, *before* April 30, 1990, the conference will be cancelled.

IT IS, BY THE COURT, SO ORDERED.