**ZINK COMMUNICATIONS and Zink Entertainment, a division of M.J. Zink Productions, Inc., Plaintiffs,**

v.

**Gordon ELLIOTT and Elliott International Proprietary, Ltd., Defendants.**

**No. 90 Civ. 4297 (CSH).**

United States District Court, S.D. New York.

April 8, 1992.

See also 923 F.2d 846.

Milgrim Thomajan & Lee P.C., New York City, Lowell D. Kern, of counsel, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City, Jay G. Strum, of counsel, for defendants.

## MEMORANDUM OPINION
## AND ORDER

HAIGHT, District Judge:

Following trial and appeal on plaintiff's suit for a permanent injunction against defendants, and a settlement of damages issues, there remains for decision plaintiffs' motion for sanctions against defendants and their then trial attorneys. In aid of their claim for sanctions, plaintiffs invoke Rules 8, 11 and 37, Fed.R.Civ.P., and 28 U.S.C. § 1927.

I will assume familiarity with all that has gone before. Briefly stated, plaintiffs filed suit to enjoin defendant Gordon Elliott from, *inter alia,* performing as a host and/or master of ceremonies of any television game, contest, or quiz program for any persons other than plaintiffs, or from otherwise violating negative covenants set forth in the contracts between the parties. The parties conducted expedited discovery. This Court held an expedited hearing on plaintiffs' motion for a preliminary injunction, which the Court consolidated with trial on the merits under Rule 65(a)(2). I granted in principle plaintiffs' motion for a permanent injunction in an oral opinion delivered on September 24, 1990. The parties briefed the form that the injunction should take in practice. Thereafter I entered a permanent injunction and denied defendants' motion for a new trial. The Second Circuit rejected defendants' appeal in an unpublished summary order. *See* 923 F.2d 846 (2d Cir.1990). Plaintiffs' damages remained to be tried, and discovery began with respect to damages issues, but the parties thereafter settled the case, subject only to resolution of the present motion.

Plaintiffs damn the conduct of defendants and their trial counsel from Alpha to Omega: from the filing of defendants' answer (which plaintiffs say violated Rule 11) to a requested adjournment of the deposition of defendants' lead counsel following defendants' motion for a new trial (in which plaintiffs' say counsel lied to them and should be sanctioned under 28 U.S.C. § 1927). Between these chronological poles, plaintiffs seek sanctions under one or another of the rules or the statute for the litigation conduct of defendants and their counsel including refusing to stipulate to an amended complaint; refusal to agree to a confidentiality order; "undernoticing" the dates of depositions; improperly objecting at depositions and instructing defendants' witnesses not to answer; asserting a baseless claim that defendants had delayed in seeking equitable relief; improperly contending that plaintiffs' principal witness, Jan Morgan, engaged in discovery misconduct; refusing to meet with plaintiff's counsel prior to trial to review trial exhibits; making unfounded objections on points of evidence during the trial; improperly responding to plaintiffs' motion for an attachment; and making a Rule 59 motion for a new trial without sufficient basis.

Defendants and their former trial counsel deny all charges of sanctionable conduct. They explain and defend each instance of alleged misconduct. They charge plaintiffs' counsel with improper litigation conduct (although they make no cross-motion for sanctions).

As every judge knows, there are trials and then there are *trials.* There are cases where counsel for the parties, without sacrificing their respective clients' interests in any way, cooperate with each other in a manner which insures prompt resolution of the issues with minimum judicial intervention. Then there are cases where, from the very beginning, counsel seem to renounce cooperation and even courtesy as a matter of principle and hurl at each other all the weapons in the experienced litigator's arsenal. The conduct of this sort of litigation gives rise to metaphors drawn from the battlefield ("blitzkrieg", "scorched earth") and from sport ("hardball"). The judge is constantly required to intervene, adjudicate and direct.

A judge ordinarily prefers to try cases of the first sort, given the limitations of his or her human resources and the press of other cases. But both kinds of trial are familiar to our common law adversarial heritage. Nor do I suggest that conduct characteristic of the second category is necessarily the fault of counsel. A higher level of contentiousness is inherent in the nature of some

cases. Counsel may be bound by the instructions of the client not to cooperate, although counsel must keep the canons of professional ethics in mind in obeying those instructions. Sanctions, derived from rule or statute, and the trial court's supervisory powers are available to curb or punish excessive or inappropriate litigation conduct.

The case at bar unquestionably falls within the second of these two kinds of trial. The question presented by this motion is whether at the end of the trial, the captains and kings having departed, leaving the field to the litter-bearers and chaplains, one party is entitled to sanctions from the other.

It does not suffice to say that a party's arguments, objections or claims were eventually rejected. In the case of a signed pleading, where Rule 11 governs, the question is whether counsel acted in an objectively reasonable manner. In cases of discovery, the question is whether the party resisting discovery was "substantially justified" in doing so. Rule 37(a)(4). Superimposed upon these particular rules is the general command in 28 U.S.C. § 1927 that a party or counsel not act "unreasonably and vexatiously," which requires a showing of subjective bad faith.

The briefs and submissions on the present motion echo the tone of the trial. All conduct conceivably open to question is condemned in the strongest possible terms. Charges of deliberate falsification are made.

After careful consideration, I decline to make an order of sanctions in this case. Some of plaintiffs' criticisms are strained and shrill; others arguably have more substance. Some of defendants' justifications and explanations are more plausible than others. But I do not see in this case, where two experienced senior litigators surrounded by the usual support troops went after each other hammer and tongs from the first day of the litigation to the last, a basis for imposing sanctions under either objective or subjective standards.

Accordingly plaintiffs' motion is denied. It is SO ORDERED.