**Felicitea V. PESCIA, Plaintiff,**

v.

**AUBURN FORD–LINCOLN MERCURY INC., et al., Defendants.**

**No. CIV. A. 96–C–1811–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Nov. 24, 1997.

John A. Tinney, Roanoke, AL, for Felicitea V. Pescia.

Jeffrey Edwin Friedman, Christopher J. Zulanas, Starnes & Atchison, Birmingham, AL, for Auburn Ford–Lincoln–Mercury, Inc.

William L. Howell, Brenda Drendel Hetrick, William L. Howell, P.A., Mobile, AL, for Ford Motor Credit Co.

**ORDER**

CARROLL, United States Magistrate Judge.

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case is currently pending on motions filed by the defendant concerning certain depositions taken in June of this year. The specific motions are:

(1) Motion of Defendant Ford Motor Credit Company ("FMCC") For Sanctions and Other Relief Under Rule 37 (FRCP) for Plaintiff's Failure to Make Discovery (Doc # 15);

(2) Motion of Defendant Ford Motor Credit Company Under Rule 26 FRCP For Protective Order (Doc # 16); and

(3) Motion of Defendant Auburn Ford Lincoln Mercury, Inc. Joining Ford Motor Credit Company's Motion for Protective Order Under Federal Rules of Civil Procedure 26 and Motion to Compel (Doc # 17).

## II.  FACTUAL BACKGROUND

Counsel for the plaintiff and the defendants have differing views about the facts which led to the dispute.  According to counsel for FMCC, the parties had an agreement concerning the scheduling of the depositions. Two days were to be set aside to take eight depositions. The affidavit of FMCC's counsel states that this agreement was reached between him and counsel for the plaintiff in a telephone conversation.  On June 4, 1997, counsel for FMCC wrote a letter confirming the agreement.  The affidavit of plaintiff's counsel denies that there was any agreement limiting the number of days of depositions.

## III.  DISCUSSION

The defendants' motions ask this court to enforce an alleged agreement between counsel concerning the scheduling of depositions and to sanction the plaintiff's counsel for his conduct during depositions.  Each of these issues will be discussed in turn.

## A.  ENFORCEMENT OF THE AGREEMENT

The Federal Rules of Civil Procedure govern the taking of depositions in federal court. Rule 30(b)(1) requires formal notice to all parties.  Routinely, lawyers make agreements concerning the taking of depositions and do not insist on the sort of formal notice required by the Rule. The rules specifically authorize the use of agreements between counsel to govern the conduct of discovery. The rules are quite clear, however, in requiring, as a condition of enforcement, that the agreements be in writing and in the form of a stipulation.  Fed.R.Civ.Proc. 29.[1]  The court is empowered to enforce the oral agreement of counsel.

In this case, there was no stipulation or written agreement.  According to counsel for FMCC, there was an oral agreement which he confirmed in writing.  That oral agreement, although confirmed in writing, does not satisfy the stipulation requirement of Rule 29.  *See generally Continental Illinois National Bank & Trust Company of Chicago v. Caton,* 130 F.R.D. 145 (D.Kan. 1990).  Accordingly, this court will not enforce the agreement concerning depositions as set forth in the letter from counsel for FMCC to counsel for the plaintiff dated June 4, 1997.

## B.  SANCTIONS

The defendant also seeks sanctions for the alleged abuse of the discovery process during depositions by plaintiff's counsel which consisted of asking argumentative and repetitive questions.

A federal court has the inherent power to sanction attorneys for abuse of the discovery process.  In addition, it may sanction counsel under the provisions of Rules 26(g) and 37 of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 1927 (1988).  The court has wide discretion in the decision to impose sanctions and if sanctions are imposed, the court should tailor the sanction to the violation.  Obviously, the more egregious the conduct the more severe the sanction should be.

The court has read the depositions which were submitted by the plaintiff.[2]  The depositions reveal a series of problems which require court attention.  The problems have multiple sources.  There is blame which must be shared by the process and the lawyers.

As a threshold matter, the deposition of Damon Ferguson shows the problems created when documents are produced at a deposition rather than prior to it.  It is clear to the court that a significant amount of time was spent handling the documents and allowing the witness to read the documents.  Another problem with the deposition is the questioning of counsel for the plaintiff.  The

---

1.  Oral representations made in open court and stipulations on the record of a deposition are exceptions to the rule.  Vol 6, § 29.05[4], *Moore's Federal Practice* (3d Ed.)

2.  The court attempted to listen to the tapes provided by the plaintiff but could not locate a machine which would provide adequate sound quality.

questioning appears to the court to have been unnecessarily hostile and argumentative. There are ample examples.

Q. Tell me everything that you're going to tell the jury you asked Mr. Wilson to produce for you to look at when you were conducting your investigation in this matter. (pp. 67–68)

Q. I want you to tell me what you're going to tell the jury in this case that you talked to Mr. Wilson about using the file you have in front of you. (pp. 74–75)

Q. It wasn't important enough for you to remember, is that right? (p. 106)

Q. (By Mr. Tinney) What kind of grades did you make in school?

A. Average.

Q. Average?

A. Yes, sir.

Q. Do you know what your grade point average was when you graduated from college?

A. Probably 2.7.

Q. Do you have a problem with memory? (p. 107)

Q. Are you going to recall all those things when you get in front of a jury?

Plaintiff's argumentative style continued into the deposition of Vandy Wilson which commenced on June 11, 1997. Again, it appears to the court that plaintiff's counsel's style disrupted what could have been productive flow of information from the deponent. In both the Wilson and Ferguson depositions, plaintiff's counsel was obviously frustrated by the responses he was receiving. In many instances, the poverty of the response was due to the imprecision of counsel's question rather than evasiveness on the part of the witness. In addition, plaintiff's counsel can hardly expect cooperation from a witness whom he has personally attacked.

There were also times when plaintiff's counsel asked repetitive questions. Those repetitive questions do not appear to the court to be a concerted effort to prolong the deposition. They are a product of the difficulty in dealing with documents and the hostility of the witness which was caused, at least in part, by the style of plaintiff's counsel.

■ The court has criticized the manner in which counsel for the plaintiff conducted the deposition. It does not necessarily follow, however, that sanctions should be imposed simply because of that criticism. *See e.g. Zink Communications v. Elliott,* 141 F.R.D. 406 (S.D.N.Y.1992). Indeed, the conduct of plaintiff's counsel in this case falls far short of the conduct which has resulted in sanctions in another cases. *See O'Brien v. Amtrak,* 163 F.R.D. 232 (E.D.Pa.1995) (defendant's counsel spoke almost as much, if not more, than the deponents did); *Van Pilsum v. Iowa State University of Science and Technology,* 152 F.R.D. 179 (S.D.Iowa) (lawyer monopolized 20% of his client's deposition with frivolous objections); *American Directory Service Agency, Inc. v. Beam,* 131 F.R.D. 15 (D.D.C.1990) (counsel's repeated objections, puerile arguments with opposing counsel and vexatious requests for clarification prevented the elicitation of meaningful testimony and needlessly added to the expense of this litigation); *Thomas v. Hoffmann–LaRoche, Inc.,* 126 F.R.D. 522 (N.D.Miss.1989) (Counsel disrupted the depositions with repeated objections and attempts to control the proceedings.)

Counsel for the defendants are not without blame in this matter. Their activities were relatively calm until approximately page 180 of the Wilson deposition. After that point, their frustration boiled to the surface and they began interposing unnecessarily wordy objections which then digressed into arguments with counsel for the plaintiff. For example, counsel for the defendant Auburn Ford Lincoln Mercury often interposed an attorney-client objection and argued it after the issue had been resolved. The court understands that all lawyers and all courts make mistakes. The court has added these comments so that counsel for the defendants understand clearly the court's view that the problems in these depositions were not entirely the fault of plaintiff's counsel.

## C. OTHER DISCOVERY CONTROLS

Having said that sanctions are not appropriate does not mean that this court wishes to ignore the obvious conflicts concerning

discovery in this case. The court believes, based on the depositions presented to it, that more judicial control over the discovery process is warranted. Accordingly, the court will impose the following requirements on discovery. It is hereby ORDERED as follows:

1. In any deposition wherein the witness will be asked to view documents and then asked questions about those documents, the following is required:

(a) the documents shall be provided to the deponent three days prior to the taking of the deposition; and

(b) the deponent is required to read the documents and become familiar with their contents prior to the deposition.[3]

2. The depositions currently referenced in this case will take place in the following order:

(a) the plaintiff;

(b) the plaintiff's mother;

(c) Vandy Wilson;

(d) Pervis Hester;

(e) Jerry Bradshaw.

3. Counsel who is conducting the deposition will be limited to six hours of questioning. Counsel for the plaintiff is allowed one hour of questioning to complete the deposition of Vandy Wilson. The court believes that these limits are necessary to force counsel to focus on the issues in this case and to make more efficient use of their questioning and objections.[4] This case is not complex

and these limitations will provide more than necessary deposition time.

4. The parties shall agree on the dates for these depositions and shall enter a written stipulation regarding their scheduling. If the parties cannot agree, the court will order that the depositions be taken on consecutive Saturdays in January commencing on January 3, 1998 and continuing until completed.

The court feels compelled to enter this order because it appears that the parties cannot work together on how discovery should be conducted. It is the court's hope that this will change. Consequently, any provisions of this order may be waived by written stipulation of the parties.

It is further ORDERED that the Motion of Defendant Ford Motor Credit Company For Sanctions and Other Relief Under Rule 37 (FRCP) for Plaintiff's Failure to Make Discovery, Motion of Defendant Ford Motor Credit Company Under Rule 26 FRCP For Protective Order and Motion of Defendant Auburn Ford Lincoln Mercury, Inc. Joining Ford Motor Credit Company's Motion for Protective Order Under Federal Rules of Civil Procedure 26 and Motion to Compel be DENIED.

---

3. The parties will be responsible for using the appropriate discovery device to obtain the documents prior to the time when they must be provided to the witness. It will be the responsibility of the attorney conducting the deposition to see that the documents are actually given to the deponent.

4. The court will enter a separate order concerning the conduct of counsel at these depositions.